UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| PEDRO R. CASTILLO, JR. | § |
| | § |
| | § MISCELLANEOUS ACTION NO. |
| VS. | § M-10-31 |
| | § |
| RICK THALER | § |

## REPORT AND RECOMMENDATION

Petitioner Pedro R. Castillo, Jr., a state prisoner proceeding pro se, filed an Application to Proceed In Forma Pauperis in connection with a proposed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) Petitioner sought in forma pauperis (IFP) status in order to proceed with his § 2254 action without paying the required $5.00 filing fee. (*Id.*) However, as explained below, Petitioner's application showed that he was able to pay the $5.00 filing fee, and Petitioner failed to comply with a court order requiring that he either pay the filing fee or submit additional information in support of his application. He has taken no other action to pursue this case. Accordingly, the undersigned recommends that Petitioner's application to proceed IFP be denied and that this miscellaneous action be dismissed without prejudice for failure to prosecute.

## I. BACKGROUND

In December 2002, Petitioner pleaded guilty to murder, and a state court judge sentenced him to 30 years imprisonment. In seeking federal habeas relief, Petitioner apparently intended to claim that his plea was involuntary and that his attorney rendered ineffective assistance by not properly explaining the plea agreement. (Docket No. 1, at 14-15.)

In support of his application to proceed in forma pauperis, Petitioner submitted a copy of a statement showing the transactions in his inmate trust account over the prior six-month period. Because it appeared from the statement that Petitioner could pay the $5 filing fee, the undersigned entered an order directing Petitioner to either pay the filing fee or submit an addendum within 30 days with additional information to support his request to proceed IFP. (Docket No. 2.) The 30 days expired long ago, but Petitioner failed to comply with the Court's Order. In addition to failing to comply with the Court's Order, Petitioner has taken no other action in this case.

## II.  ANALYSIS

Petitioner's request to proceed IFP should be denied. Federal law requires the Clerk to collect a $5.00 filing fee for a writ of habeas corpus filed in federal court. 28 U.S.C. § 1914(a). Petitioner sought to proceed without payment of the filing fee pursuant to 28 U.S.C. § 1915. A person may be permitted to proceed IFP (without paying the filing fee) by submitting an affidavit disclosing all of his assets to show that he is "unable to pay" the filing fee. *See* 28 U.S.C. § 1915(a)(1). As the Fifth Circuit has explained, "there is no absolute 'right' to proceed in a civil action without paying a filing fee; this is a procedural privilege that Congress may extend or withdraw." *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997).

Here, Petitioner partially complied with § 1915 to the extent that he submitted the required documentation detailing his assets. But that documentation showed that he did not qualify for IFP status. While his six-month account statement showed a zero balance at the time it was submitted, it also showed that Petitioner had received funds regularly from family and friends, with his account balance exceeding $100 at one point. In other

words, Petitioner had more than sufficient funds available with which to pay the $5.00 filing fee, but he choose to spend his money in other ways.

Although it is understandable that Petitioner would rather not pay the $5.00 fee, such a desire does not meet the standard required to proceed in forma pauperis under 28 U.S.C. § 1915. *See Duncan v. Johnson*, No. 00-409, 2001 WL 314107, at *1 (N.D. Tex. Mar. 30, 2001) (denying application to proceed without prepayment of the $5.00 filing fee where applicant's account reflected a near $0 balance but indicated average monthly deposits of $42.93 over a six-month period). Based on the financial information that Petitioner submitted, he had the ability to pay the $5.00 filing fee for this action, and his application to proceed without paying the fee should be denied.

Moreover, this miscellaneous action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 30 U.S. 626, 630-21 (1962)). As the Supreme Court explained in *Link*, the "power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases" and to "clear [the courts'] calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." 370 U.S. at 629-30. While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v.*

3

*Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Here, Petitioner failed to comply with the court order that directed him either pay the fee or file an addendum with additional information or explanation to show that he qualified for IFP status. Movant did not respond to the order in any way. As such, this action should be dismissed for failure to prosecute. *See Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming District Court's dismissal of a § 2241 habeas action where the petitioner failed to pay the $5 filing fee and failed to comply with the court's orders); *see also Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the court's order to pay a filing fee); *McCray v. FBI*, No. 11-cv-87, 2011 WL 621679, at *1 (N.D. Tex. Feb. 15, 2011) (dismissal of a writ of mandamus action where Plaintiff failed to pay the civil filing fee). It appears that no lesser sanction is available since Petitioner has taken no further action in this case.[1]

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that Petitioner's Application to Proceed in Forma Pauperis (Docket No. 1) be DENIED and that this miscellaneous action be DISMISSED without prejudice for failure to prosecute.

---

[1] A copy of this Report will be sent to Petitioner at the address he provided. Should Petitioner respond to the Report, the District Court may then wish to consider whether a less drastic sanction might be appropriate. Given the passage of time, a dismissal would likely be, in effect, with prejudice, and the Court's discretion to order dismissal is narrower. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

## NOTICE

The Clerk shall send a copy of this Report and Recommendation to Petitioner, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on October 5, 2018.

_____
Peter E. Ormsby
United States Magistrate Judge